UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHAQUITHIA LANETTE JACKSON,                    Case No. 25-11143

      Plaintiff,                                   F. Kay Behm
v.                                             United States District Judge

TODD POPPEMA,

      Defendant.
_____ /

**ORDER CANCELLING HEARING, CONVERTING MOTION
TO SUMMARY JUDGMENT, ALLOWING LIMITED DISCOVERY,
<u>AND SETTING DEADLINE FOR SUPPLEMENTAL BRIEFS</u>**

Plaintiff's amended complaint (ECF No. 19) originally brought claims against Defendants Washtenaw County, Austin Pearson, the USA, and Todd Poppema.  The parties subsequently entered into a stipulation dismissing all defendants except for Poppema.  (ECF No. 21).  The claims left against Poppema are § 1983 claims under the Fourth and Fourteenth Amendments.  *Id*.

Poppema filed a motion to dismiss the amended complaint (ECF No. 30), which the court set for hearing on June 17, 2026.  While Poppema is employed by the Michigan State Police, he maintains that at the time of the incident in question, he was specially deputized by the U.S. Marshals Service

1

(USMS) as a Federal Task Force Officer, pointing to the Certification of Scope of Employment filed in a related case, *Jackson v. Dyer*, Case No. 25-11670.[1] Maintaining that Poppema was a federal employee at the time of the incident in question, his motion to dismiss focuses almost entirely on why Plaintiff does not state a *Bivens* claim and that a new *Bivens* cause of action should not be implied under the facts presented.  (ECF No. 30).  In response, Plaintiff makes clear her position that Poppema was employed by the Michigan State Police (MSP) and that she is only asserting § 1983 claims because Poppema was acting under color of state law at the time of the incident in question. (ECF No. 33).

In reply, Poppema focuses his argument on the fact that, although he is part of the MSP, he was specially deputized by the USMS to work as part of the Detroit Fugitive Apprehension Team (DFAT) at the time of the incident. And thus, according to Poppema, Plaintiff's § 1983 claims must be dismissed because he was acting under color of federal law, not state law, at the time of the incident.  Poppema attaches the Special Deputation Oath of Office,

---

[1] There was a later filed parallel case, *Jackson v. Dyer*, 25-11670, that was removed from state court, in which Poppema was also identified as a defendant. In that case, the basis for removal was Poppema's employment by the United States at the time of the incident in question. Defendant filed a "Certification of Scope of Employment" to that effect in support of the notice of removal. *See* Case No. 25-11670, ECF 1-1, PageID.14-15. This second case was ultimately dismissed without prejudice pursuant to Rule 41.

Authorization and Appointment in support of his assertion, among other evidence.  (ECF No. 34-1).  Poppema argues that the court may consider this evidence in a motion to dismiss based on two theories: (1) Plaintiff's claim creates a factual attack on subject matter jurisdiction and the court may consider the deputization in a motion to dismiss; or (2) it can be considered on a motion to dismiss because it is central to Plaintiff's allegation that her claim is proper under § 1983.

Before addressing the merits of Plaintiff's § 1983 claims, the court finds it must resolve the issue of whether Poppema was acting under color of federal law or state law at the time of the incident in question.  In order to resolve this issue, the court will consider the evidence attached to Defendant's reply.  Given the planned consideration of this evidence, in the court's view, this issue must be resolved via summary judgment, not a motion to dismiss under Rule 12(b)(6) and thus, Defendant's motion to dismiss is converted to one for summary judgment on the limited issue of whether Poppema was acting under color of federal law or state law.

The parties have 30 days from entry of this order in which to conduct limited discovery on the issue of whether Poppema was acting in the scope of federal law or state law at the time of the incident at issue.  The court

3

encourages the parties to act cooperatively and expeditiously in both propounding and answering any written discovery so that the 30-day deadline is met.  **The court imposes a 14-day response deadline for any written discovery**.  Should the parties require assistance in resolving any discovery disputes, they may contact the court's case manager at Kourtney_Collins@mied.uscourts.gov to set up a status conference with the court.  Supplemental briefs, **which may not exceed 10 pages in length**, and which may solely address the issue of whether Defendant Poppema acted under color of state law or federal law at the time of the incident, are due **July 30, 2026**.  The motion hearing set for June 17, 2026 is **CANCELED** and may be rescheduled at a later date.

 **SO ORDERED**.

Date: June 16, 2026       s/F. Kay Behm
             F. Kay Behm
             United States District Judge