UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHAQUITHIA LANETTE JACKSON,             Case No. 25-11143

      Plaintiff,                               F. Kay Behm

v.                                       United States District Judge

TODD POPPEMA,

      Defendant.

_____ /

### <u>ORDER REGARDING THE SCOPE OF DISCOVERY</u>

The court recently entered an order allowing the parties a 30-day time period in which to conduct limited discovery on the issue of whether Defendant Todd Poppema was acting in the scope of federal law or state law at the time of the incident at issue in this lawsuit. Plaintiff propounded a deposition notice, 25 interrogatories, 30 requests for admission, and 35 document requests on Defendant solely on this issue. The court finds, as explained in more detail below, that not all the discovery sought is relevant and proportional to the needs of the case.

The Federal Rules of Civil Procedure were written to facilitate the discovery of relevant evidence proportional to the needs of each case. Rule 26 authorizes relatively expansive discovery, subject to the considerations set

1

forth in Rule 26(b)(1).  The Rule provides that a party may obtain "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." *Id.*  The trial court has broad discretion over discovery matters.  *Trepel v. Roadway Express, Inc.*, 194 F.3d 708 (6th Cir. 1999).  In assessing proportionality as it relates to disputed discovery requests the court should look to:

> the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

*State Farm Mut. Auto Ins. Co. v. Pointe Physical Therapy, LLC*, 255 F.Supp.3d 700, 704 (E.D. Mich. 2017) (citation omitted); *see also* Fed. R. Civ. P. 26(b)(1).

In evaluating relevance and proportionality, the court looks to other cases addressing a question like the one at hand: whether Poppema was acting under color of state law or federal law at the time of the incident in question.  As explained in *King v. United States*, the relevant question was not whether the defendant was employed by the state while working for an FBI task force at the time of the incident, but whether the plaintiff demonstrated that the state was involved in authorizing or administering the task force.  *King*

2

*v. United States*, 917 F.3d 409, 433 (6th Cir. 2019), rev'd sub nom. on other

grounds *Brownback v. King*, 592 U.S. 209 (2021).  The court specifically

rejected the plaintiff's argument that the defendant acted under color of state

law because the task force was enforcing a state warrant:

> But Plaintiff fails to explain why the "nature and character" of a task force should change based on whether the task force chooses to pursue a state fugitive or a federal fugitive. *Schultz*, 717 F.2d at 304. Plaintiff points out that "Davison had committed no federal crime" and therefore "the officers had no authority independent of Michigan state law to *arrest* Davison." (Pl. Br. 61.) However, the nature and character of a cooperative federal-state program is determined by the source and implementation of authority for the *program*, not for the particular work that the agency chooses, in the exercise of its authority, to perform on a given day.

*King*, 917 F.3d at 433.  Thus, the focus of the court's inquiry on whether a

defendant was acting under color of federal law was on the source and

implementation of authority for the task force, not the work actually being

performed.  "Thus, as long as the task force's decision to apprehend Davison

was made by virtue of an exercise of federal authority ... Detective Allen

remained a federal agent in the pursuit of a state fugitive."  *Id*. at 433-34; *see*

*also, Cain v. Rinehart,* No. 22-1893, 2023 WL 6439438, at *2 (6th Cir. July 25,

2023) (Defendant found to be working under color of federal law where "the

3

source and implementation of authority for the task force that attempted to execute the arrest warrant for Mathis at Cain's home was the U.S. Marshal Service."). Thus, the scope of relevant discovery is limited to the source and implementation of authority for the task force that engaged in the conduct at issue.

Plaintiff tries to expand the scope of relevant discovery by pointing to case law discussing whether an officer acted under color of state law versus acting as a private citizen. *See e.g.*, *Stengel v. Belcher*, 522 F.2d 438, 441 (6th Cir. 1975); *Neuens v. City of Columbus*, 303 F.3d 667, 670 (6th Cir. 2002). In such cases, the court addressed the nature of the act performed to determine whether the officer has acted under color of law. *Neuens*, 303 F.3d at 670. There, the record demonstrated that the officer in question was acting in his private capacity where he was not wearing his uniform, he was not driving his police car, he did not display his badge, he was not present at the location pursuant to his official duties, and he never suggested to anyone at the scene that he was a police officer. *Id*. at 670-71. Such considerations that control the question of whether an officer is acting under color of law are not at play when determining whether an officer is acting under color of state law *or* federal law. Here, there is no dispute that Poppema acted under color of law.

The question is whether he acted under color of state *or* federal law during the incident in question.  The scope of discovery is therefore controlled by *King* and *Cain* and considerations set forth therein.

Based on the foregoing, the court finds that Defendant must answer the following discovery requests:

| | |
|---|---|
| Requests for Production of Documents | 1, 2, 4, 10, 29, 30, 31 |
| Requests for Admission | 1, 2, 11, 12, 13, 22, 23, 30 |
| Interrogatories | 1, 2, 6, 7, 9, 10, 11, 15, 18, 21, 25 |

While Defendant should endeavor to answer the foregoing discovery in good faith, the court notes that not all potential objections have been resolved through this Order and Defendant may lodge objections as appropriate.

As to the notice of deposition issued to Defendant Poppema, the court finds that, in its current form, it exceeds the scope of the discovery necessary to resolve the narrow issue before the court and on which discovery was ordered.  Additionally, the deposition notice is fashioned as one under Rule 30(b)(6) with listed topics to be addressed, but is specifically directed to Defendant Poppema.  This is contrary to how Rule 30(b)(6) operates.  As explained in Wright & Miller, "[t]he Rule 30(b)(6) procedure should be distinguished from the situation in which a party wants to take the deposition

5

of a specific individual associated with the corporation or organization. Because Rule 30(b)(6) imposes on the organization the obligation to select the individual witness, the party seeking discovery under that provision of the rule is not permitted to insist that it choose a specific person to testify." § 2103 Persons Subject to Examination—Corporations and Other Organizations, 8A Fed. Prac. & Proc. Civ. § 2103 (3d ed.); *see also Cleveland v. Palmby*, 75 F.R.D. 654 (W.D. Okla. 1977) (Subdivision (b)(6) of this rule could not be interpreted as providing that party can specifically name employee of organization and then require organization to designate such employee as witness to testify on behalf of organization.).  Essentially, a party cannot select the opposing party's Rule 30(b)(6) designee, as Plaintiff attempts to do here.  Accordingly, the court will not permit the deposition of Poppema to go forward as a Rule 30(b)(6) deposition.  Plaintiff may re-issue its Rule 30(b)(6) deposition on topics 2, 3, 5, 6, 7, 12, 15, 18, 19, 20, 22, 23, and 24.  Additional document requests via the deposition notice will not be permitted.

**SO ORDERED**.

Date: July 8, 2026

s/F. Kay Behm
F. Kay Behm
United States District Judge